UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
STELLA GHAZARIAN,                   )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )   Civil Action No. 11-11277-PBS
                                    )
AMERICAN HOME MORTGAGE              )
SERVICING WELLS FARGO,              )
                                    )
       Defendant.                   )
_____)

REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
[Docket No. 20]

July 18, 2013

Boal, M.J.

This action arises out of plaintiff Stella Ghazarian's ("Ghazarian" or "Plaintiff") execution of a $409,500 promissory note on May 2, 2005 relating to property located in Lowell, Massachusetts (the "Property") and Ghazarian's grant of a mortgage to Option One Mortgage Corporation to secure the debt. Defendant Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward")[1] has moved to dismiss the Complaint.[2] For the following reasons, this Court recommends that the District Judge assigned to this case grant

---

[1] Until recently, Homeward was the servicer for Ghazarian's loan. Ghazarian named "American Home Mortgage Servicing Wells Fargo" as a defendant. Homeward asserts that it is incorrectly named in the Complaint and its correct name is Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. Docket No. 21 at 1 n. 1.

[2] The District Court referred this case to the undersigned for full pretrial proceedings, including dispositive motions, on January 9, 2013. Docket No. 17.

Homeward's motion.

I.       PROCEDURAL BACKGROUND

On July 5, 2011, Ghazarian filed her Complaint in Massachusetts Superior Court, Middlesex County. Docket No. 5-2 at 23-26, 28. On July 20, 2011, Homeward removed the case to this Court. Docket No. 1. On September 20, 2011, Homeward filed an assented-to motion to stay the litigation because it was expected that Plaintiff's loan would be reviewed for a loan modification in accordance with the settlement agreement between Sand Canyon Corporation f/k/a Option One Mortgage Corporation and the Massachusetts Attorney General, potentially obviating the need for further litigation. Docket No. 6. The District Court granted the motion and stayed the action for sixty days on September 21, 2011. Docket No. 8.

On November 21, 2011, the parties filed a joint status report informing the Court that Homeward was waiting for additional documents from the Plaintiff in order to complete its review of her loan modification application. Docket No. 9. Homeward also filed an assented-to motion to stay the litigation. Docket No. 10. The District Court granted the motion and administratively closed the case on November 28, 2011. Docket No. 12.

On December 4, 2012, Homeward filed a motion to lift the stay. Docket No. 13. Homeward stated that Ghazarian had failed to respond to and/or comply with Homeward's requests for documents in support of her loan modification application. Id. at ¶¶ 10-12. Because Ghazarian's loan was in default and it appeared that the parties were unable to resolve the litigation through a loan modification agreement, Homeward requested that the case be placed back on the active docket. Id. at ¶ 13. The District Court allowed the motion on January 9, 2013. Docket No. 16.

On January 23, 2013, Homeward filed its motion to dismiss the Complaint. Docket No. 20. On February 6, 2013, this Court held a scheduling conference. Docket No. 24. At the conference, the parties informed the Court that Ghazarian had submitted a new application for a loan modification. Id. This Court ordered the parties to file a joint status report by March 8, 2013. Id.

On March 8, 2013, the parties filed status reports. Docket Nos. 25, 26. Homeward informed the Court that the servicing of Plaintiff's loan had recently transferred from Homeward to Ocwen Loan Servicing ("Ocwen") and Ocwen was currently reviewing the Plaintiff's loan modification application. Docket No. 25 at ¶¶ 4-5. Ghazarian reported that her paperwork was complete by February 6, 2013, that she had received a request for one more document, and that she provided that document on February 12, 2013. Docket No. 26. The Court ordered the parties to file a further status report by April 8, 2013. Docket No. 27.

On April 8, 2013, the parties filed a joint status report. Docket No. 28. The parties informed the Court that Ghazarian submitted additional documents in support of her loan modification application on April 3, 2013 and Ocwen was reviewing the Plaintiff's application. Id. at ¶¶ 5-6. On April 9, 2013, this Court entered an order encouraging the parties to continue to attempt to resolve this matter by loan modification. Docket No. 29. Nevertheless, given the age of the case, the Court set a deadline of June 5, 2013 for Ghazarian to file an opposition to Homeward's motion to dismiss. Id. The Court also set a hearing on the motion to dismiss for June 26, 2013. Id.

On June 7, 2013, the Court entered an order extending the deadline for Ghazarian's response to Homeward's motion to dismiss to June 21, 2013 because she informed the Court that

she did not receive notice of the Court's April 9, 2013 Order.  Docket No. 30.  The Court also rescheduled the hearing on Homeward's motion to dismiss to July 17, 2013.  Id.

On June 19, 2013, Ghazarian filed her opposition to Homeward's motion to dismiss. Docket No. 31.  Homeward filed a reply on July 11, 2013.  Docket No. 34.  The Court heard oral argument on July 17, 2013.  At that argument, the parties reported that Ghazarian had received a loan modification from Ocwen, but that she had some questions about the terms.  On that basis, Ghazarian declined to dismiss the case.

II.     FACTUAL BACKGROUND[3]

Ghazarian purchased the Property in 2000.  Complaint, Docket No. 5-2 at 23.[4]  On May 2, 2005, Ghazarian executed a mortgage on the Property in favor of Option One Mortgage Corporation (the "Mortgage").  Docket No. 21-1.[5]  In 2007, the monthly payments increased from $2,697 to $3,600.  Docket No. 5-2 at 23.  Like millions of Americans, it appears that due to

---

[3] Because this case is presently before the Court on a motion to dismiss, the Court sets forth the facts taking as true all well-pleaded allegations in the Complaint and drawing all reasonable inferences in the Plaintiff's favor.  See Morales-Tañon v. Puerto Rico Electric Power Authority, 524 F.3d 15, 17 (1st Cir. 2008).

[4] The Complaint can be found in the state court record, Docket No. 5-2, at pages 23-26. The Complaint does not contain numbered paragraphs.

[5] Review of motions to dismiss is limited to the pleadings and thus, "ordinarily a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).  However, when, as here, "a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."  Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) (citations omitted). Ghazarian's claims appear to arise under the Mortgage.  Accordingly, the Court will consider the Mortgage in its decision.  A copy of the Mortgage is attached as Exhibit 1 to Homeward's memorandum of law.  Docket No. 21-1.

financial difficulties, Ghazarian was no longer able to make the payments on the mortgage.  Id.

Starting in approximately 2007, Ghazarian attempted to obtain a loan modification. Docket No. 5-2 at 24.  She alleges that the Defendant "kept her in limbo," "took my completed paperwork, said they will modify, but changed their mind."  Id.  Ghazarian alleges that the Defendant gave her conflicting messages every time she called them, and "[d]ifferent supervisors claim different documents are missing.  Which is not true."  Id.

Ghazarian also alleges that on July 5, 2011, a "third party verifier," Mr. David Rahimian, requested to postpone the foreclosure of the Property so that they[6] can consider Ghazarian's loan modification application but "they said No."  Docket No. 5-2 at 24 (emphasis in original).

The Complaint does not contain any causes of action.  Ghazarian requested an injunction stopping the foreclosure of the Property scheduled then for July 8, 2011 and "allow 60 days to look at my loan modification documents."  Docket No. 5-2 at 26.  She also requested that Homeward be ordered to "[e]valuate and grant possible short refinance."  Id.

III.   ANALYSIS

Homeward argues that the Complaint fails to state a claim upon which relief may be granted because Ghazarian has not asserted any allegations that would support the elements of any cause of action.  Docket No. 21 at 4-5.  In addition, Ghazarian has received more than the requested relief, 60 days to review her loan modification application.  Id. at 5.  Finally, Homeward argues that a request for injunctive relief is not a stand alone cause of action.  Id. at

---

[6] As stated below, Ghazarian often refers to "they" and "them" in her Complaint but the identity of "they" is not entirely clear.  In particular, it is not clear that Ghazarian is referring to Homeward.  Nevertheless, in construing the allegations in the Complaint in the light most favorable to Ghazarian, the Court will assume she is referring to Homeward.

5-7.

This Court finds that the case is now moot because Ghazarian has received a loan modification.  Even if the case was not moot, the Court agrees with Homeward's arguments and recommends dismissal of Ghazarian's Complaint.

A.	Standard Of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  Pro se pleadings are to be liberally construed. Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1991).  While the court must accept as true all of the factual allegations contained in the complaint, that doctrine is not applicable to legal conclusions. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.; see also Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009) ("In other words, a plaintiff must offer 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation,' in order to claim a 'plausible entitlement to relief.'") (citations omitted).  Accordingly, a complaint does not state a claim for relief where the well-

pleaded facts fail to warrant an inference of any more than the mere possibility of misconduct. Iqbal, 556 U.S. at 679.

      B.     The Case Is Now Moot

"A fundamental principle of the structure of our democracy is that federal courts are courts of limited jurisdiction." Destek Group, Inc. v. N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003) (citations omitted). "The power of lower federal courts is limited to jurisdiction authorized by the Constitution and expressly conferred by Congress." Id. Under Article III, Section 2 of the Constitution, federal courts may only adjudicate live cases or controversies. Thomas R.W. v. Mass. Dep't of Educ., 130 F.3d 477, 479 (1st Cir. 1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Am. Civil Liberties Union of Massachusetts v. United States Conference of Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013) (citation omitted). "When a case is moot . . . a case or controversy ceases to exist, and dismissal of the action is compulsory." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001).

Here, the parties reported that Ocwen provided Ghazarian with a loan modification. Therefore, the controversy between the parties expired when Ghazarian obtained the loan modification that she sought. Although Ghazarian reported that she has questions about the terms of the loan modification, Ocwen is not a party to this action and those issues are not before the Court. Accordingly, the issues presented by the Complaint are no longer live, the case is moot, and it should be dismissed.

C.   The Complaint Fails To State Plausible Claims
     Upon Which Relief May Be Granted

Even if the case was not moot, the Complaint is subject to dismissal. Upon review of Ghazarian's allegations, this Court cannot discern any plausible claims upon which relief may be granted. The Complaint contains no causes of action and it is unclear if the "they" she often refers to is Homeward.[7] Although pro se pleadings are liberally construed, the burden is on Ghazarian to set forth plausible claims upon which relief may be granted and to provide sufficient notice to Homeward of her claims. Ateek v. Massachusetts, No. 11-11566-DPW, 2011 WL 4529393, at *3 (D. Mass. Sept. 27, 2011) (citing to Rule 8 of the Federal Rules of Civil Procedure). The Court cannot fashion claims for Ghazarian. "District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." Id. at *3 n. 7 (quoting Terrance v. Cuyahoga Cnty., No. 1:05 CV 1926, 2005 WL 2491531, at * 1 (N.D. Ohio Oct. 7, 2005)). Such an exercise by the court would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. "The failure to identify a particular legal theory . . . places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the

---

[7] In addition, it appears that Ghazarian has received the relief she requested, 60 days for a review of her loan modification application. She has already received a two-year stay of the foreclosure. As of the date of the oral argument, Ocwen, the new loan servicer, apparently provided Ghazarian with a loan modification.

defenses it might assert in response to each of these possible causes of action." Id.[8]

Ghazarian's Complaint appears to seek injunctive relief. Specifically, she seeks a injunction stopping the foreclosure for 60 days so that Homeward can evaluate her loan modification application. Docket No. 5-2 at 25-26. Injunctive relief is not a cause of action. See In Re WellNex Mktg. and Sales Practices Litig., 673 F. Supp. 2d 43, 58 (D. Mass. 2009); O'Neil v. Daimler Chrysler Corp., 538 F. Supp. 2d 304, 308 (D. Mass. 2008) (claim for injunctive relief does not allege an independent legal claim). Accordingly, the Court finds that Ghazarian's Complaint is subject to dismissal.

IV.   RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case grant Homeward's motion to dismiss.

V.   REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P.

---

[8] In her opposition to Homeward's motion to dismiss, Ghazarian attempts to allege new facts and/or a new claim which is not set forth in the Complaint. Specifically, Ghazarian alleges that Ocwen, a non-party, has not provided her with a Truth-in-Lending statement or clarified the amount of the loan modification. Docket No. 31. However, Ghazarian may not add new claims.

72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

                                          /s/ Jennifer C. Boal
                                          JENNIFER C. BOAL
                                          United States Magistrate Judge